UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No. CV 26-8204-MWF (BFMx)** **Date: November 18, 2026**

Title: Antonio Santos Ramirez v. Costco Wholesale Corporation

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]

Before the Court is Plaintiff Antonio Santos Ramirez's Motion to Remand Case to Torrance Courthouse (the "Motion"), filed August 19, 2026. (Docket No. 10). Defendant Costco Wholesale Corporation ("Costco") filed its Opposition on September 2, 2026. (Docket No. 12). Plaintiff filed his Reply on September 9, 2026. (Docket No. 14).

The Court has read and considered the papers and held a hearing on October 21, 2026. The motion is **GRANTED**. Costco waived its statutory right to removal when it ascertained the basis for removal but did not remove this action within thirty days. Because this error provides an independent basis for remand, the Court does not need definitively rule on whether Doe 1 defeats diversity, although the Court's inclination is that this action lacks complete diversity. This action is **REMANDED**.

## I. BACKGROUND

### A. Underlying Action

Plaintiff alleges that on June 10, 2024, he slipped and fell at the Hawthorne, California Costco. (*See* First Amended Complaint ("FAC") (Docket 1-2 Ex. D) ¶¶ 10–11). He sues Costco, Doe 1, and Does 2 through 50. Doe 1 is the manager of the Hawthorne, California Costco, whose name is unknown to Plaintiff. (*Id.* ¶¶ 3, 6). Does 2 through 50 are other unknown agents and employees of Costco. (*Id.* ¶ 3).

Plaintiff is a Los Angeles resident. (*Id.* ¶ 1). He alleges that Costco is a Washington citizen, (*id.* ¶ 5), but that Doe 1 is a is a citizen of California (*id.* ¶ 4). Plaintiff brings claims of negligence, (*see id.* ¶¶ 8–14), and premises liability, (*see id.* ¶¶ 15–24), against all Defendants. He requests unspecified damages for medical care, lost wages, pre-judgment interest, and attorney's fees. (*Id.* p. 6).

**B. Removal Timeline**

Plaintiff served Costco with initial pleading on June 5, 2026. (Declaration of Deborah S. Tropp in Support of Notice of Removal (the "Costco Decl.") (Docket No. 1-1) ¶¶ 4–5). Costco ascertained potential damages four days later, on June 9, when it received a corresponding claims file. (*Id.* ¶ 5). Plaintiff's demand letter in that file (dated January 7, 2025) alleges medical damages of $322,680.62 and offers to settle for policy limits, if under $1,000,000. (*Id.* ¶ 12).

Unsatisfied with the level of detail in the original Complaint, Costco corresponded with Plaintiff on June 11. (*Id.*). Costco requested that he amend his complaint. (*Id.*). He obliged. (*Id.* ¶ 7). Plaintiff filed, and Costco accepted service of, the FAC on June 29. (*Id.*). Costco removed the action to this Court on July 24. (*See generally* Notice of Removal (Docket No. 1)). Costco asserts diversity jurisdiction. (*See id.* ¶¶ 8–13).

**C. Motion to Remand**

Plaintiff filed this Motion on August 19, 2026. (*See generally* Motion). He makes two arguments:

***First***, Plaintiff argues that the parties are not completely diverse because Doe 1 is a California citizen. (*See id.* at 9–14). Costco responds that Doe 1's citizenship cannot be considered because he is unidentified. (Opposition at 6–9). Plaintiff replies that courts can consider the citizenship of a specifically identified unnamed party. (*See* Reply at 5–10). And Plaintiff chides counsel for Costco's refusal to identify the manager in question. (Motion at 8).

***Second***, Plaintiff argues that removal was untimely because it was filed on July 24 — not within thirty days of when Costco could ascertain the basis for removal from the original Complaint (June 5), or, in the very least, the claim file (June 9). (*See* Motion at 15–16). Costco responds that it could not remove this action until the FAC replaced the threadbare original Complaint on June 29. (*See* Opposition at 9–11). Plaintiff replies that the FAC added details about the incident, but not jurisdiction. (Motion at 16).

## II. DISCUSSION

### A. Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Any doubt regarding subject matter jurisdiction must therefore be resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Therefore, Costco had ***thirty days*** from when it was "unequivocally clear and certain" that the **(1)** ***parties were diverse*** and the amount in controversy **(2)** ***exceeded $75,000*** to remove on the basis of diversity jurisdiction.

### B. Ascertaining Diversity of the Parties

From Costco's perspective, complete diversity of the parties was "unequivocally clear and certain" from the initial complaint. *See id.*

Plaintiff, of course, disputes that the parties are diverse. (*See* Motion at 9–14). He alleges that Doe 1, the Hawthorne Costco manager, is a California citizen — and he argues that Doe 1's residency provides a basis for remand separate from the timeliness issue. (*See id.*). He points to cases where courts have used the citizenship of unnamed defendants if they are specifically identified. (*See id.* at 9–11). Costco replies with the plaint text of the statute, which requires that when "determining whether a civil action is removable on the basis of" diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Costco maintains a simple position: the "statute requires fictitious defendants to be disregarded when determining whether diversity jurisdiction exists." (Opposition at 6).

The Court utilizes Costco's theory for the purpose of determining whether removal is timely; Costco must be right for removal to be proper at all. Disregarding Doe defendants, then, complete diversity of the original Complaint's two parties is unequivocal: Plaintiff is a California resident, and Costco is a Washington corporation. (*See* Complaint (Docket No. 1-2, pp. 3–5) ¶¶ 1, 5). Costco itself — countering Plaintiff's separate argument that the parties are not diverse — argues that diversity of parties "is demonstrated by the original Complaint itself." (Opposition at 8).

Therefore, it was objectively clear to Costco on June 5, 2026, when the complaint was served, that the parties were purportedly diverse (but not really).

### C. Ascertaining Amount in Controversy

The amount in controversy, on the other hand, could not be ascertained until Costco received Plaintiff's claims file, on June 9, 2026.

The Ninth Circuit has explicitly rejected the notion that defendants must "make extrapolations or engage in guesswork" where a complaint does not allege any specific figures that would allow defendants to calculate the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (2013). And Courts "have rejected" the argument "that bringing a similar claim under the state court's unlimited jurisdiction is sufficient to show that the amount in controversy requirement is met." *See Lopez v. General Motors, LLC*, No. CV 25-06549-MWF (MAAx), 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). The original Complaint does not quantify damages. (*See* Complaint at p. 5). Instead it requests general damages, medical expenses, and loss of income "according to proof at the time of trial." (*See id.*) Plaintiff himself agrees that "the June 9, 2026 claims file . . . was the first document to quantify Plaintiff's damages." (Motion at 15).

The Court therefore finds that the $75,000 threshold for diversity jurisdiction was not "unequivocally clear and certain" from the original Complaint. The amount in controversy was instead ascertainable on June 9, 2026, when Costco became aware of the value of this action from Plaintiff's claims file. (*See* Costco Decl. ¶¶ 5, 12).

In *Harris v. Bankers Life and Cas. Co.*, the Ninth Circuit held that notice of removability to trigger the thirty-day clock is determined objectively, "not through subjective knowledge or a duty to make further inquiry." (9th Cir. 2005) 425 F.3d 689, 694. With subjective knowledge of the basis for diversity jurisdiction but an absence of those facts in relevant documents, "a defendant *may* remove before it *must* do so." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) (emphasis in original). In this sense, the Ninth Circuit has set a distinction between "facts sufficient to *allow* removal with facts sufficient to *require* removal within thirty days." *Id.* (emphasis in original). Therefore, Costco's subjective knowledge that Plaintiff's claims exceeded $75,000 did not necessarily trigger the thirty-day clock. *See id.* The relevant question instead is whether removal could be ascertained objectively.

The statutory standard for objective information which triggers the thirty-day clock is "***receipt*** by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other ***paper*** from which it may first be ascertained that the case is one which is or has become removable." *Id.* § (b)(3) (emphasis added). In *Dietrich*, the Ninth Circuit clarified application of this statute, holding that information provided in a deposition did not qualify as information in a "paper" which would trigger the thirty-day clock. 14 F.4th at 1095 (quoting 28 U.S.C. § 1446(b)(3)). Instead "deposition *transcripts*" do. *Id.* (emphasis in original). To reach this conclusion, the Ninth Circuit joined the Fifth Circuit in adopting the Black's Law Dictionary's definition of "paper" as a "written or printed document or instrument." *Id.* (quoting *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602 (5th Cir. 2018) (quoting *Paper*, Black's Law Dictionary 1266 (4th ed. 1951))).

Here, Costco's declaration notes that it ascertained potential damages four days after the complaint was filed, on June 9, when it received a corresponding claims file. (Costco Decl. ¶ 5). Plaintiff's demand letter in that file (dated January 7, 2025) alleges medical damages of $322,680.62 and offers to settle for policy limits, if under $1,000,000. (*Id.* ¶ 12). Again, Costco's subjective knowledge of this dollar figure is irrelevant. (*See Dietrich*, 14 F.4th at 1094). But the letter is a "written or printed document" and thus a paper under § 1446(b)(3)) — a conclusion which Costco did not contest when asked at the hearing. *See id.* at 1095. And Costco was in "receipt" of that letter, "through service or otherwise," on June 9. 28 U.S.C. § 1446(b)(3).

Therefore, the amount in controversy exceeding $75,000 was unequivocally clear and certain on June 9, 2026. With both requirements for diversity clear on June 9, Costco had until July 8, 2026, to remove this action. But Costco did not do so until July 24, 2026. Costco's removal was therefore **UNTIMELY**.

**D. Costco's Counterarguments**

Costco responds in two ways:

***First***, Costco argues that it could not ascertain the basis for removal until the FAC added additional facts. (Opposition at 9). Costco emphasizes that the "original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 26-8204-MWF (BFMx) Date: November 18, 2026**
Title: Antonio Santos Ramirez v. Costco Wholesale Corporation

Complaint [] left Defendant without any factual basis to determine Plaintiff's specific theory of liability against DOE 1 and, in particular, required Defendant to speculate as to why DOE 1 had been named as an individual defendant." (*Id.* at 10). Only later did the FAC's "allegations suppl[y] the factual context necessary for Defendant to evaluate the nature of Plaintiff's claims and the significance, if any, of the unidentified DOE defendant." (*Id.*).

But discerning a complaint's merit is separate from discerning whether it provides a basis for diversity. The FAC did not add any jurisdictional facts. The Complaint and FAC contain verbatim jurisdictional allegations: Plaintiff's California citizenship, (*compare* Complaint ¶ 1, *with* FAC ¶ 1), Costco's Washington citizenship, (*compare* Complaint ¶ 5, *with* FAC ¶ 5), and Doe 1's California residence and status as manager of the Hawthorne Costco (*compare* Complaint ¶ 5, *with* FAC ¶ 5).

What defeats Costco is its separate position that removal is ***now*** proper. Costco maintains that the FAC does not contain specific enough allegations against Doe 1 to defeat diversity. (Opposition at 6–8). Therefore, from Costco's perspective, the threadbare initial Complaint likewise must have permitted removal. Indeed, Costco notes that it "could have made the strategic decision to remove the action based upon the sparse allegations in the original Complaint." (Opposition at 11). Discussing this statement at the hearing, Costco emphasized the potential distinction between arguable diversity, which would permit a defendant to (perhaps erroneously) attempt to remove, and clear diversity, which triggers the thirty-day clock. But that distinction does not materialize here, where Costco maintains that removal was objectively proper. If diversity is clear now, it was clear from the original Complaint, which has the same jurisdictional allegations as the operative FAC — and fewer specifics about Doe 1, which are what can defeat diversity.

***Second***, Costco makes a practical argument. Costco notes that it kept this action in state court to "avoid unnecessary federal motion practice." (Opposition at 10). Costco explains:

> To be sure, Defendant could have elected to remove the action within thirty days of receiving the original Complaint and thereafter sought

> dismissal under Rule 12(b)(6). Defendant instead elected to address the pleading's deficiencies through the ordinary meet-and-confer process and afford Plaintiff an opportunity to clarify the factual and legal basis for her claims before proceeding in federal court.

(Opposition at 10). The Court appreciates Costco's consideration, but this explanation is not a statutory basis to delay removal. Costco is welcome to prefer informal discussions in state court to formal federal motion practice. But Congress has determined that this choice comes with a cost.

And while Costco suggests that it hopes to "avoid unnecessary federal motion practice" (*id.*), Costco did not reveal the residence of its manager when asked by Plaintiff's counsel. (Decl. of Thomas R. Burns, Esq. in Support of Remand (Docket No. 10-1) at ¶¶ 5–10). Costco's position on the Doe remand issue is what has led to increased federal motions practice, as the parties have been forced to litigate diversity regarding an artificially uncertain defendant.

### E. Timeliness of Remand Motion

As a final note, the thirty-day removal rule is a procedural, not substantive requirement. Unlike most bases for remand, it can be therefore waived by a party. *See* 28 U.S.C. § 1447(c). But Plaintiff did not do so here. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under section 1446(a)." *Id.* Plaintiff filed this Motion on August 19, 2026, less than thirty days after Costco filed its Notice of Removal on July 24, 2026. (*See generally* Motion). The Motion is therefore timely.

## III. CONCLUSION

The Motion to Remand is **GRANTED**. This action is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

Because timeliness provides an independent basis for remand, the Court need not resolve the Parties' arguments regarding Doe 1. But the Court joins others in this District in "discouraging Defendants from refusing to disclose information relating to a fictitious defendant for the purposes of garnering the benefit of federal jurisdiction." *Sandoval v. Republic Services, Inc.*, No. 2:18-CV-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018).

At the hearing, Costco noted its initial uncertainty regarding which of its many Hawthorne managers Plaintiff intended to sue. But it still borders on implausible that any one of them is not a California citizen. So it is Costco who must demonstrate otherwise — as "the burden on removal rests with the removing defendant." *Abrego*, 443 F.3d at 684. Costco cannot carry that burden by remaining silent.

IT IS SO ORDERED.